NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GEORGE HERMAN RUTH, | : | Civil Action No. 04-5014 (JEI) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| JOHN NASH, | : |  |
| Respondent. | : |  |

**APPEARANCES:**

> GEORGE HERMAN RUTH
> 611 Capitol Avenue
> Indianapolis, Indiana  46204
> Petitioner Pro Se
>
> DOROTHY J. DONNELLY, Assistant United States Attorney
> CHRISTOPHER J. CHRISTIE,  United States Attorney
> 402 East State Street, Room 430
> Trenton, New Jersey  08608
> Attorneys for Respondents

**IRENAS, Senior District Judge**

Petitioner George Herman Ruth filed a Petition and an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his federal sentence by the Bureau of Prisons ("BOP").   Respondents filed an Answer and Petition filed a Reply to the Answer.  Because Petitioner was released from the custody of BOP on July 13, 2005, this Court dismisses the Petition as moot.

**I.  BACKGROUND**

Petitioner challenges the computation of his sentence by BOP. Specifically, he asserts that BOP deprived him of statutory good conduct time credits in a disciplinary hearing without due process of law required by Wolff v. McDonnell, 418 U.S. 539 (1974).

Petitioner was confined at FCI Fort Dix in New Jersey when he filed the instant Petition. Petitioner seeks a writ of habeas corpus directing Respondents to restore the good conduct time credits he lost as a disciplinary sanction.  Respondents filed an Answer opposing the Petition, arguing that Petitioner received due process.  It is undisputed that BOP released Petitioner from custody upon expiration of his term of imprisonment on July 13, 2005.

**II.  DISCUSSION**

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the duration of Petitioner's confinement in the custody of BOP and Petitioner was in the custody of BOP at the time he filed the Petition. See Spencer v. Kemna, 523 U.S. 1 (1998). The question here is whether BOP's release of Petitioner upon expiration of his term of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution. See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not

3

proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975).

In this case, Petitioner challenges the loss of good conduct time.  BOP released Petitioner from its custody on July 13, 2005, upon the expiration of his term of imprisonment.  When the government released Petitioner from custody, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

s/Joseph E. Irenas
JOSEPH E. IRENAS, Senior District Judge

Dated:     December 6          , 2005